**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Sanchez and Maria Sanchez, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Yokohama Tire Corporation, a foreign corporation; G.I. Gonzalez, Inc., d.b.a., Llantera el Rincon, an Arizona corporation; A to Z Tire & Battery, Inc., a foreign corporation,<br><br>Defendants.<br>_____<br>Evangelina Ocejo Saldana, the surviving wife of Santiago Saldana on her own behalf and on behalf of Daisy Saldana and James Andrew Saldana, the surviving children of Santiago Saldana,<br><br>Plaintiffs,<br>vs.<br><br>The Yokohama Tire Corporation, a foreign corporation; G.I. Gonzales Inc., an Arizona corporation; A to Z Tire and Battery, Inc., a foreign corporation; Armando Arellano et ux.; Julian B. Noriega et ux.; Salvadore Valdivia et ux. d.b.a. Shuttle Transporte Superior/ Superior Shuttle & Transportation; Martin Sanchez et ux,<br><br>Defendants.<br>_____ | No. CIV 04-238-TUC FRZ (GEE)<br><br>**REPORT AND RECOMMENDATION**<br><br>(Motion for Attorney's Fees) |

Pending before the court is a motion for attorney's fees filed by the Sanchez plaintiffs (collectively, Sanchez) on June 21, 2005.   [#66][1]  The defendant, Yokohama Tire Corporation (Yokohama), filed a response, and Sanchez filed a reply.

The motion was referred to Magistrate Judge Edmonds for a report and recommendation pursuant to LRCiv. 72.1 and 72.2. Rules of Practice of the U.S. District Court for the District of Arizona.  The court finds the motion suitable for decision without oral argument.

This is a products liability and negligence case that arose out of a one-car accident. The driver of the vehicle, Martin Sanchez, was injured and the front-seat passenger, Santiago Saldana, was killed when the vehicle in which they were riding overturned when one of its tires suddenly failed.

The case originated in state court.  On May 6, 2004, the defendant, Yokohama, filed a notice of removal in this court alleging federal question jurisdiction.  Yokohama argued the recently added claim for punitive damages provided the necessary federal question jurisdiction under the "artful pleading rule."  On June 4th and 7th of 2004, the plaintiffs filed motions to remand which were granted by the district court.

Sanchez moves for attorney's fees pursuant to 28 U.S.C. § 1447(c).  The motion for attorney's fees should be denied.  Yokohama had an objectively reasonable basis for seeking removal.

Factual and Procedural Background

On June 6, 2000, a 1997 Ford E-350 15 passenger van was heading north on Interstate 19 when one of its tires suffered a sudden tread belt separation.  (Notice of removal.); (Motion to remand by Saldana plaintiffs, p. 3.) The driver, Martin Sanchez, lost control, and

---

[1] Clerk's record number.

1 the van overturned. *Id.* Sanchez was badly injured, and Santiago Saldana, the right front seat 2 passenger, was killed. *Id.*

3 The van was equipped with National XT Commando tires manufactured by 4 Yokohama and distributed by A to Z tires and Llantera El Rincon.   (Notice of removal.) 5 The van was operated by Transporte Superior, Martin Sanchez's employer. *Id.*

6 The Sanchez plaintiffs (collectively, Sanchez) filed an action in state court claiming 7 product liability and negligence. *Id.*, Exhibit 1.  His action was consolidated with a similar 8 action filed later by the Saldana plaintiffs. *Id.*, p. 2.

9 On January 15, 2004, Sanchez filed a motion to amend his complaint to add a claim 10 for punitive damages.  (Notice of removal, Exhibit 3.)  He argued in his motion he was 11 entitled to punitive damages because Yokohama "failed to report pertinent information 12 concerning tread/belt edge separation problems to the National Highway Traffic Safety 13 Administration (NHTSA) [as they are required to do under the Motor Vehicle Safety Act 14 (MVSA), 49 U.S.C. § 30101 et seq.] and did so to avoid an investigation which would result 15 in negative publicity and economic repercussions." *Id.*   This failure to report, Sanchez 16 argued, is evidence Yokohama acted with an "evil mind." *Id.*

17 On May 6, 2004, Yokohama filed a notice of removal arguing the punitive damages 18 claim provided federal question jurisdiction under the artful pleading rule.  The plaintiffs 19 moved to remand.

20 Under the artful pleading rule,  "[a] state-created cause of action can be deemed to 21 arise under federal law (1) where federal law completely preempts state law; (2) where the 22 claim is necessarily federal in character; or (3) where the right to relief depends on the 23 resolution of a substantial, disputed federal question." *Arco Environmental Remediation v.* 24 *Department of Health and Environmental Quality of the State of Montana*, 213 F.3d 1108, 25 1113 (9th Cir.2000). (citations omitted).  The artful pleading rule, however, is a "narrow 26 exception" that should be invoked only in "exceptional circumstances." *Clinton v. Acequia,* 27 *Inc.*, 94 F.3d 568, 571 (9th Cir.1996).

28

1  Yokohama argued the punitive damages claim was in reality a federal common law
2  action designed to punish Yokohama for its alleged failure to comply with the reporting
3  requirements of the Motor Vehicle Safety Act (MVSA),[2] 49 U.S.C. § 30101 et seq. and 49
4  C.F.R. § 573, et seq.  In the alternative, Yokohama argued removal was proper because "it
5  appears that some substantial, disputed question of federal law is a necessary element of one
6  of the well-pleaded state claims."  (Defendant's response, June 21, 2004,  p. 10.)  This court,
7  however, rejected Yokohama's arguments and remanded the case to state court.

8  On June 21, 2005, Sanchez filed the instant motion for attorney's fees.  [#66]
9  Yokohama filed a response and Sanchez filed a reply.

Discussion

When a case is remanded to state court, the court may award attorney's fees to the party opposing removal.  The pertinent statute reads as follows:  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C.A. § 1447 (c).

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, __ U.S. __ , __ , 126 S.Ct. 704, 712 (2005).  "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

---

[2] The Motor Vehicle Safety Act (MVSA) was created to "reduce traffic accidents and deaths and injuries resulting from traffic accidents."  49 U.S.C. § 30101. The Secretary of Transportation delegated the administrative implementation of the MVSA to the National Highway Traffic and Safety Administration (NHTSA). *Public Citizen Inc. v. Mineta*, 343 F.3d 1159 (9th Cir.2003). Under the MVSA, tire manufacturers are required to report to NHTSA pertinent information concerning tread belt separation problems. *See* 49 U.S.C. § 30166(m).  Failure to comply with the terms of the MVSA may result in civil penalties. *See* 49 U.S.C. § 30165.

In this case, Yokohama had an objectively reasonable basis for seeking removal. When Sanchez moved to amend his complaint, he announced his intention to prove Yokohama failed to comply with its federal duty to report tread belt separation problems. Under certain circumstances, introducing a federal issue into a state law action may create federal jurisdiction. *See Arco Environmental Remediation*, 213 F.3d at 1113. Yokohama argued the introduction of this federal issue triggered the artful pleading rule and removal was therefore proper. Yokohama's argument was a fair extension of existing case law. *Id.*

Sanchez argues Yokohama did not support its motion with case law from a controlling jurisdiction. There is some truth to this criticism, but this area of the law is relatively complex, and there is little controlling case law to look to for guidance. *See Littel v. Bridgestone/Firestone, Inc.*, 259 F.Supp.2d 1016, 1026 (C.D.Cal.2003); *See also* 28 U.S.C.A. § 1447 (d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."). As Yokohama correctly observes, neither party was able to find controlling case law "on all fours" with the instant action. This is a reflection of the state of the case law, not an indication that Yokohama's removal was not well taken. Yokohama had an objectively reasonable basis for its notice of removal. *See, e.g., Vetro, Inc. v. Active Plumbing and Heating, Inc.*, __ F.Supp. 2d __ , 2005 WL 3462794, *6 (D.Colo. 2005) (Where the defendant based federal question jurisdiction on the fact that the anticipated subcontract would have been governed by federal regulations, removal was improper, but the defendant had an objectively reasonable basis for removal.).

Recommendation

The Magistrate Judge recommends the district court, after its independent review of the record, enter an order

DENYING the motion for attorney's fees filed by the Sanchez plaintiffs on June 21, 2005.  [#66]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation.   If objections are

1  not timely filed, the party's right to de novo review may be waived. *See United States v.*
2  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc).  If objections are filed, the
3  parties should direct them to the district court by using the following case number: CIV 04-
4  238 TUC-FRZ

5        The Clerk is directed to send a copy of this report and recommendation to all parties.

7        DATED this 28th day of December, 2005.

                                              Glenda E. Edmonds
                                              United States Magistrate Judge